**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20-cr-00115 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD NUGENT |
| | ) | |
| -vs- | ) | |
| | ) | **DEFENDANT'S MOTION TO** |
| RUSSELL WHISENANT, | ) | **REOPEN DETENTION PROCEEDINGS** |
| | ) | **AND PERMIT TEMPORARY** |
| | ) | **RELEASE** |
| Defendant. | ) | |

Now comes Russell Whisenant, through counsel, and respectfully requests this Court reopen detention proceedings and order his release on bond as a temporary release, pursuant to 18 U.S.C. § 3142(f)(2) and § 3142(i)(4). The current COVID-19 pandemic presents "a change of circumstances" why Mr. Whisenant's detention is no longer appropriate and Mr. Whisenant poses no risk of flight or danger to the community.

**I.  Procedural History**

Mr. Whisenent was arrested in connection with the instant case on or about December 11, 2019.  A complaint was filed in federal court on December 10, 2019. Dkt. 1. On December 17, 2019, Mr. Whisenant waived his right to a detention hearing, while reserving the right to "revisit the issue of detention at a later date should circumstances change." Dkt. 4. An indictment was returned was February 12, 2020. Dkt. 12. Since then, the case has remained pending as the government has provided discovery and the parties have made attempts to resolve the case.  Mr. Whisenant has remained in pretrial detention since December 11, 2019.

1

Because of the COVID-19 pandemic, and Mr. Whisenant's current health issues, he now requests this Court release him on bond. Specifically, over the past several weeks, Mr. Whisenant has been undergoing diagnostic tests relative to sever headaches and vision loss. Mr. Whisenant worries that his symptoms may worsen and that his health may be in jeopardy. Mr. Whisenant is suffering from a recurrence of a brain mass and is in need of medical assistance. [1] Mr. Whisenant is encountering a medical problem which, under normal circumstances, would be nearly impossible to address while incarcerated. The COVID-19 pandemic exacerbates these difficulties exponentially.

Further, Northeast Ohio Correctional Center (NEOCC-CCA) reported its first positive cases of COVID-19. Mr. Whisenant fears for his safety and well-being with his continued detention. Mr. Whisenant requests the opportunity to be granted a temporary release on bond so he can return to the community.

**II.    Relevant Legal Standards**

"When reviewing a pretrial detention order of a magistrate judge, the Court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release." *See United States v. Amir*, No. 1:10-CR-439, 2011 U.S. Dist. LEXIS 75640, *9 (N.D. Ohio Jul. 13, 2011) (internal quotation marks omitted); *United States v. Pritchard*, No. 5:08-MJ-5017, 2008 WL 920434 (N.D. Ohio Apr. 3, 2008) (citing *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992)). "[M]eaningful de novo review means that the district court should engage in the same analysis, with the same options, under § 3142 as the magistrate judge." *United States v. Yamini*, 91 F. Supp.2d 1125, 1129 (S.D. Ohio 2000).

---

[1] NEOCC-CCA has provided counsel with extensive medical records of hospital visits and diagnostic testing that has occurred while in custody. These records are available for inspection.

"The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). "A defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *Id.* (quoting 18 U.S.C. § 3142(e)(1)) (alteration in *Stone*).

The Court must impose the least restrictive conditions necessary to reasonably assure the person's appearance as required and the community's safety. *See* 18 U.S.C. § 3142©. The statute lists thirteen specific conditions that the Court may impose, 18 U.S.C. § 3142(c)(1)(B)(i) - (xiii), plus "any other condition that is reasonably necessary to assure the appearance of the defendant as required and the safety of any other person and the community," 18 U.S.C. § 3142(c)(1)(B)(xiv).

### III. COVID-19 and the Change of Circumstances

While Mr. Whisenant waived his right to a detention hearing in December, Dkt. 4, a change of circumstances has arisen which warrant reconsideration of Mr. Whisenant's detention, that being COVID-19 pandemic. The statute on bail, 18 U.S.C. § 3142(f)(2) holds that even after a detention has been ordered detained:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Other district courts have held that the circumstances of COVID-19, in the context of the § 3142(f) factors, can constitute a change of circumstances to reopen bond proceedings. As the district court found in *United States v. Martin*, 2020 WL 1274857, at *20 (D. Md. Mar. 17, 2020), COVID-19 "can indeed constitute new information having a material bearing on whether

there are conditions of release that will reasonably assure the appearance of detained defendants and secure the safety of the community." *See also United States v. Dodd*, 2020 WL 1547419 (D. Minn. April 1, 2020).

Further, the Bail Reform Act provides for the "temporary release" of a person in pretrial custody "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense *or for another compelling reason*." 18 U.S.C. § 3142(i) (emphasis added). The health risk to Mr. Whisenant, because of his medical condition, coupled with the conditions at NEOCC, qualify as "compelling reason[s]" within 18 U.S.C. § 3142(i). Other federal courts granted a temporary release under § 3142(i) due to COVID-19. *See United States v. Perez*, No. 19 CR. 297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (temporarily releasing defendant under § 3142(i) due to the "heightened risk of dangerous complications should he contract COVID-19"); *United States v. Stephens*, 2020 WL 1295155, __F. Supp. 3d__, at *3 (S.D.N.Y. Mar. 19, 2020) ("the obstacles the current public health crisis poses to the preparation of the Defendant's defense constitute a compelling reason under 18 U.S.C. § 3142(i)."); *United States v. Selna*, 8:16-CR-76-JVS (C.D. Cal. Mar. 26, 2020) ("Michaels has demonstrated that the COVID-19 virus and its effects in California constitute 'another compelling reason'" justifying temporary release under § 3142(i)).

As of April 14, 2020, the new strain of coronavirus (COVID-19), has infected over 1,900,000 people globally, leading to 127,518 deaths worldwide.[2] Governor DeWine declared a State of Emergency on March 9, 2020,[3] and on March 11, 2020, the World Health Organization

---

[2] *Coronavirus Map: Tracking the Spread of the Outbreak*, The New York Times (April 14, 2020), *at* https://nyti.ms/2U4kmud (updating daily).

[3] https://ema.ohio.gov/Documents/pdfs/DeWine_Signs_Emergency_Order_Regarding_Coronavirus_Response_0309.pdf

officially classified COVID-19 as a pandemic.[4] Governor DeWine issued a "stay at home" order to prevent further spread of the virus. As of April 14, 2020, there have been 7,153 confirmed cases of the virus in Ohio, 2,156 people have been hospitalized, and 309 have died.[5] The COVID-19 pandemic is "clearly out of the ordinary, uncommon, or rare" as "COVID-19 is twice as contagious as the flu, and 20 times more deadly."[6] The virus is "highly infectious," and can be spread "easily and sustainably" from person-to-person.[7] The virus can live on plastic and steel surfaces for up to 72 hours[8], and, powered by a single cough or sneeze, can be propelled in a gas cloud that extends up to 27 feet in length.[9]

The CDC has issued guidance that individuals at higher risk of contracting COVID-19 take immediate preventative actions, including avoiding crowded areas and staying home as much as possible.[10] The conditions in jails do not allow for an inmate to take the recommended preventive actions and create an ideal environment for the transmission of contagious disease.[11]

---

[4] *WHO Characterizes COVID-19 as a Pandemic*, World Health Organization (March 11, 2020) at https://bit.ly/2W8dwpS.

[5] https://coronavirus.ohio.gov/wps/portal/gov/covid-19/

[6] Governor Mike DeWine (@GovMikeDeWine), Twitter (Mar. 14, 2020, 2:19PM), https://twitter.com/GovMikeDeWine/status/1238892579262992384?s=20

[7] *See* Centers for Disease Control and Prevention, *How COVID-19 Spreads* (accessed Apr. 3, 2020), https://www.cdc.gov/coronavirus/2019-ncov/prepare/transmission.html

[8] Neeltje van Doremalen et al., *Aerosol and Surface Stability of SARS-CoV-2 as Compared with SARS-CoV-1*, NEW ENG. J. MED., 2 (2020), available at https://doi.org/10.1056/NEJMc2004973
 (accessed Apr 2, 2020).

[9] Lydia Bourouiba, *Turbulent Gas Clouds and Respiratory Pathogen Emissions: Potential Implications for Reducing Transmission of COVID-19*, JAMA (2020), https://jamanetwork.com/journals/jama/fullarticle/2763852 (accessed Apr 2, 2020)

[10] https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/asthma.html

[11] Joseph A. Bick (2007). Infection Control in Jails and Prisons. *Clinical Infectious Diseases* 45(8):1047-1055, at https://doi.org/10.1086/521910

Inmates cycle in and out of jails from all over, and people who work in the facilities leave and return daily, without effective screening. According to public health experts, incarcerated individuals "are at special risk of infection, given their living situations," and "may also be less able to participate in proactive measures to keep themselves safe;" "infection control is challenging in these settings."[12]

Given these circumstances and high risk of infection in jails and prisons, federal circuit and district courts across the country have released defendants from pretrial detention, due to COVID-19. *See Xochihua-James v. Barr*, No. 18-71460 (9th Cir. Mar. 23, 2020) (unpublished) (sua sponte releasing detainee from immigration detention "[I]n light of the rapidly escalating public health crisis"); *United States v. Meekins*, Case No. 1:18-cr-222-APM, Dkt. No. 75 (D.D.C. Mar. 31, 2020) (post-plea, pre-sentence release order releasing defendant with three pending assault charges due to extraordinary danger COVID-19 poses to folks in detention); *United States v. Davis*, No. 1:20-CR-9-ELH, Dkt. No. 21 (D. Md. Mar. 30, 2020) (releasing defendant due to the "urgent priority" of decarcerating, to protect both the defendant and the community, and to preserve Sixth Amendment rights in this perilous time); *United States v. Bolston*, Case No. 1:18-cr-382-MLB, Dkt. No. 20 (N.D. Ga. Mar. 30, 2020) (releasing defendant in part because "the danger inherent in his continued incarceration at the R.A. Deyton Detention Facility . . . during the COVID-19 outbreak justif[y] his immediate release from custody"); *United States v. Hector*, Case No. 2:18-cr-3-002, Dkt. No. 748 (W.D. Va. Mar. 27, 2020) (granting release pending sentencing after Fourth Circuit remanded detention decision requiring court to specifically consider extraordinary danger posed by COVID-19 to folks in prison);

---

[12] "Achieving A Fair And Effective COVID-19 Response: An Open Letter to Vice-President Mike Pence, and Other Federal, State, and Local Leaders from Public Health and Legal Experts in the United States," (March 2, 2020), *at* https://bit.ly/2W9V6oS.

*United States v. Kennedy*, No. 5:18-cr-20315, Dkt. No. 77 (E.D. Mich. Mar. 27, 2020) (post-plea presentence release of defendant whose pretrial release was revoked because "the COVID-19 pandemic constitutes an independent compelling reason" for temporary release and "is necessary for Defendant to prepare his pre-sentence defense"); *United States v. Mclean*, No. 19-cr-380, Dkt. No. (D.D.C. Mar. 28, 2020) ("As counsel for the Defendant candidly concedes, the facts and evidence that the Court previously weighed in concluding that Defendant posed a danger to the community have not changed – with one exception. That one exception – COVID-19 – however, not only rebuts the statutory presumption of dangerousness, see 18 U.S.C. § 3142(e), but tilts the balance in favor of release."); *United States v. Jaffee*, No. 19-cr-88 (D.D.C. Mar. 26, 2020) (releasing defendant with criminal history in gun and drug case, citing "palpable" risk of spread in jail and "real" risk of "overburdening the jail's healthcare resources"; "the Court is . . . convinced that incarcerating the defendant while the current COVID-19 crisis continues to expand poses a greater risk to community safety than posed by Defendant's release to home confinement"); *United States v. Harris*, No. 19-cr-356 (D.D.C. Mar. 26, 2020) ("The Court is convinced that incarcerating Defendant while the current COVID-19 crisis continues to expand poses a far greater risk to community safety than the risk posed by Defendant's release to home confinement on . . . strict conditions.").

    Given this, COVID-19 presents a change of circumstances warranting this Court reopen bond proceedings and grant Mr. Whisenant a temporary release under 18 U.S.C. § 3142(f)(2) and § 3143(i)(4)  He requests this Court place him on house arrest with GPS monitoring so that he can go home and obtain adequate health treatment in the community.

        Respectfully submitted,

        /s/ Joseph P. Morse
        JOSEPH P. MORSE (0073298)
        323 West Lakeside , Suite 300
        Cleveland, Ohio 44113
        (216) 241-0520
        Fax: (216) 241-6961
        e-mail address: jpm@jmorse-law.com

Case: 1:20-cr-00115-DCN Doc #: 20 Filed: 04/24/20 8 of 9. PageID #: 60

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Reopen Detention Proceedings and Permit Temporary Release has been served upon all parties via this Court' electronic filing service.

/s/ Joseph P. Morse
Joseph P. Morse (0073298)
Attorney for Russell Whisenant
